*443 OPINION.
SiepkiN:
In view of the considerations that prompted the substitution of the two new contracts for the old one, the prior intent of the parties as shown by testimony and their interpretation of the terms of the contract raising the question presented, as well as the provisions of the contract itself, we find little difficulty in holding the contract in question primarily a contract of employment supplementing the other new contract, which dealt more specifically with the actual terms of employment. The parties to this proceeding do not urge any other interpretation of the contract. The only controversial point, as regards the contract, is whether the income petitioner received thereunder was cash or stock.
The contention that petitioner received cash is not persuasive. Even if entitled to cash he was required by the terms of the contract to pay it back for stock. The substance of a contract prevails over its form; American Textiles, Inc., 2 B. T. A. 186; Theresa Zellerback, 2 B. T. A. 1076. In B. R. Norvell, 6 B. T. A. 56, we said :
The method and manner adapted by the bank to- pay the stock dividend by issuing its check in favor of the petitioner “ stock dividend check ” * * * was merely a matter of form and did not affect the substance of the matter.
In one important particular this case differs from those cited. In the cases cited the form prescribed by the several agreements was followed in their execution. In the instant case the parties to the contract made no pretense of acting in accordance with the terms of the instrument. Petitioner received stock without any intervening gestures as to cash payment. We think such fact conclusive against the respondent’s contention. We have no concern with the abstract legal rights of petitioner under the contract. He was content to take stock which was all he considered himself entitled to receive. Being-on the cash basis, he can not be taxed on any income not actually or constructively received, as the income-tax law operates only on income as it finds it.
There remains the question as to the extent the stock represented income. Stock received as compensation, under the Revenue Act of *444 1921, is measured in income by the readily realizable market value thereof at the time received. A. L. Englander, 1 B. T. A. 760; Samuel Graydon, 2 B. T. A. 552. From the evidence of sales of stock, and the precarious financial position of the company at the respective dates, we have found the market value did not exceed $10 per share on the dates received. Respondent argues that the sale of 40 shares on March 1, 1921, indicates the shares exceeded the value found, and, when compared with the prior sales at $10 per share, show a trend upward in market values. This contention is rebutted by the continued operating losses of the company, the general trend of the industry, and lack of knowledge on the part o.f the buyer. We think such facts are entitled to greater weight than the sale of such a small block of stock.
Reviewed by the Board.

Judgment will be entered under Rule 50.